## UNITED STATES v. TAFFE.

(Circuit Court, D. Oregon. February 9, 1897.)

No. 2,309.

1. EMINENT DOMAIN—MEASURE OF DAMAGES.
   In estimating the value of land taken for a public use, its value for such use is not to be considered.

.2. SAME.
   An estimate of the value of land taken for a public use should not be based upon the adaptation of the land to a special purpose, in the absence of anything to show a reasonable expectation of some demand at some time for the use of the land for that purpose.

3. NEW TRIAL—DISCRETION OF COURT—STATE PRACTICE.
   The discretion of the courts of the United States to grant new trials is not affected by state laws on the subject, and a new trial may be granted by a federal court for an error of law affecting a substantial right, though no exception has been taken to the ruling, and the error has not been urged on the hearing, and though a state statute requires an exception in such a case.

4. SAME—CONCURRING VERDICTS.
   Two verdicts, assessing the value of lands taken for public use at different sums, do not amount to two concurring verdicts. U. S. v. Seufert Bros. Co., 78 Fed. 520, reaffirmed.

Daniel R. Murphy, U. S. Atty., and Charles J. Schnabel, Asst. U. S. Atty.

Zera Snow and Wallace McCainout, for defendant.

BELLINGER, District Judge. This is a case for the condemnation of a right of way, and, in its facts, is substantially like the case of U. S. v. Seufert Bros. Co., 78 Fed. 520. As in that case, there have been two trials and two verdicts in this; the difference be-

tween the two being that the court set aside the first verdict, and granted a motion for a new trial, against the objection of the defendant. Upon the facts of the two cases, there is no substantial difference, and the conclusion reached in the case of the United States against Seufert is conclusive in this case. In this case the court went further than it did in the other case, and instructed the jury that if they believed from the evidence that the land sought to be condemned, by reason of its location, was valuable as a right of way for the boat railway, or for any other railway line, the jury should consider such fact as one of the elements of the defendant's damage. As stated in the Case of Seufert, there was no basis whatever for the claim of value made on this account, and no evidence legitimately tending to support the instruction. As was stated in that case, the use of this land for boat-railway purposes is in no way available to this defendant. It is not a property in him, and adds nothing to the value of which his lands are possessed, or to the advantages of which he would be deprived by the proposed appropriation. He is entitled to the full value of his land, considered with reference to the uses, present and prospective, which he can, or has the right to, make of it, but the necessity of the government cannot be made a measure of his compensation.

What was said in the other case as to the right of the court to consider errors committed by it, although not excepted to at the time, and although not urged as a ground in support of the motion on the hearing, applies here. While the court may be at liberty to refuse to grant a motion because of such error, yet I am of the opinion that it is within the discretion of the court to consider such error, and make it a ground for the allowance of the motion. I am also of the opinion in this case, as in that, that the damages are excessive, and are not warranted by the testimony. It is true, the opinions of the witnesses who testified on that subject all place the damages much higher than the amount found by the jury,— so much higher, in fact, that it becomes apparent that the finding made was not based upon such testimony, but that the jury must have reached the conclusion they did upon the facts testified to by the witnesses, rather than upon the opinions of such witnesses as to the value of the land taken.

It is further urged against the motion that there have been two concurring verdicts in this case, and that the court is not authorized to grant a motion for a new trial in such a case. There is no rule which precludes this court from granting a motion to set aside a second verdict where there have been two concurring verdicts. Nevertheless, that question does not arise in this case. There are no two concurring verdicts here. The first verdict was for a much less sum than the verdict now moved to be set aside. So far from supporting this verdict, the first verdict is against it. The most that can be said as to this is that the second verdict concurs with the first as to the amount found in that verdict; but this motion is concerned only with the second verdict, not with the first, and this verdict is not concurred in by the first verdict, and is, in my judgment, not supported by the facts in evidence in the

case. In the first case the claim for damages made by the defendant in his testimony was more extensive than that made in the last case. In the first case much importance was given to the value of the lands taken, as a gold mine, and the defendant at first, in effect, testified that, notwithstanding the great value of his property as a fishery, it was even more valuable as a gold mine; and it was his claim that this mine was practically destroyed, or greatly injured, by the proposed appropriation. In the second case he makes no particular account of this element of value in his property, and, in effect, denies his former testimony in respect to it. So it comes to this: that notwithstanding the fact that in this case the defendant, in his testimony, claimed less than in the former case, the award of the jury is much greater. The former verdict was set aside upon the ground that it was excessive, and, upon the case as now presented, there is even less to sustain the finding than there was in the former case. The motion for a new trial is allowed.